this morning is in Ray Edwards I'm sorry in Ray Edward Johnson mr. all the daddy yes good morning name's Anthony I'll go to you represent Marilyn Marshall the standing trust chapter 13 trustee in this case let me start with the statutory scheme of bankruptcy the chapter 13 trustee is appointed by the US trustee under the guidance and cooperation of the Attorney General's office the courts are not involved in how the chapter 13 trustee gets appointed or how she operates her office except for oversight chapter 13 trustee operates an office that collects funds from debtors collects fees and the case at issue is about whether or not the chapter 13 trustee can keep those fees in unconfirmed cases and how she gets paid section 586 of the judicial code sets the state the standing trustees statutory amount of either that she can take those fees are taken upon receipts of funds from the bankruptcy court had the 1326 also talks about what happens those two fees when a case is dismissed and not confirmed in this case the debtor proposed a plan actually two different plans but for over nine months over those nine months the debtor was unable to confirm a plan the case was eventually dismissed once it was dismissed the debtor moved to have trustees fees the trustee properly took her fees when she received the funds from the debtor there's no consistent with the language of section 586 e2 says the trustee will collect such percentage fee from all payments received by an individual under plans in cases etc so how are these fees received under plans I understand how fees were received under operating procedures proposed plans whatever but there were no plans there was a plan when a debtor files a bankruptcy case chapter 13 case he has to propose a plan there is never proposes a plan and it becomes the plan when the court approves it but that never happened I don't think I was this fees under plans there has to be a plan in place even though it's a by the court or it doesn't get approved by the court but it's still the it's still a plan when the courts try to make some of the I don't understand how it's a plan rather than a proposal by a litigant it is a formal plan that's a form that gets filled out by the debtors and it if it becomes a confirmed plan that's different but it's still a plan you can't have you can't have it's not just a loose proposal that the debtors going to somehow make payments it's structured to secure debt it's rather like saying a motion and a judicial order are the same thing the trustee can't do anything with the payments received by way of distribution to creditors until the plan is confirmed that's not true there's an adequate protection payments are proposed in the plan I'm sorry there's what kind of adequate protection payments part of the plans called for the trustee to make payments pre-confirmation to certain debts such as secured debts what that covers is that when the say for instance a vehicle as a vehicle depreciates we pay payments to that car creditor to cover the depreciation of that asset so the trustee does make pre-confirmation payments pursuant to the plan or pursuant to statute to the plan the plan proposes to see how it's pursuant to a plan it's required by the note and it's required by law unless the security interest is going to be enforced correct but how is it pursuant to a plan when there hasn't been a plan approved by the court because the plan provides for those adequate protection payments you're you're just taking a motion and a plan as the same thing now maybe that's bankruptcy jargon but is there any reason to believe that that's the meaning of that word in the statute well the statute uses the plan it uses it says the proposed plan it calls it doesn't say proposed plan it says shall quoted it before all payments received by such individual under plans in the cases etc doesn't say proposed plan it doesn't say under anything else the bankruptcy code says that the debtor shall propose a plan 26 as the payments counsel I just listen to what you're saying it says the bankruptcy bankruptcy code says the debtor shall propose a plan the proposal is not itself the plan what's the difficulty here I find difficulty the other way around I don't see if you have a proposed plan it is a plan it can become the confirmed plan later there's still a plan that is proposed that's the plan that everyone has to look at in order to determine whether or not the debtors complying with the bankruptcy code he has to propose something it's not just a loose proposal it actually is a plan it has terms as payment amounts it has secure debt listed how they're proposed to be paid in the plan all those things are put out there so that it can be analyzed and find out what to do with this if the plan is confirmable but it's still a plan if it's gonna confirm of a plan it'll get confirmed if it's not a confirmable plan it may not get confirmed but if there's still always been a plan there consequently as the section 1326 says under under unless otherwise or by the court the debtor shall commence making payments 30 days after filing the plan so there's a plan on file if there was nothing on file we wouldn't even know what the plan payments were proposed to be and again those are payments that the trustee has to make out of protection payments from those are payments that the plan alludes to and how much those bounce are the creditors can object to those payments if they think they're too low they can object to their treatment in the plan if they think it's in profits the trustees also bound under her duties to eject the plans that are not proposed correctly it the chapter 7 liquidation test is wrong that would be in a plan we would have to object to it but there's always a plan there it's just whether or not that plan gets confirmed or not in terms of the fee that the trustee takes on those adequate protection payments I think they're she she receives them under the 586 East provision 1326 also provides specifically under Section B before at the time of each payment to creditors under the plan because there is a plan that has been proposed that there should be paid adequate protection payments and the trustee fee it would make no sense to only have that pay with no plan if you're going to pay out of protection plan can't be confirmed so there is a post again we it's kind of a circular argument to say there's no plan there but you pay out of protection you take a fee on accurate protection but there's no plan so I think it it makes it very ambiguous it makes it convoluted to find out that no that's not how that's going to work so again I think the codes very clear we get the fee either on receipts or through 1326 be I think we did the trustee should prevail both both instances there's any circuit adopted that line of argument certainly the 9th and 10th have rejected it has it been adopted anywhere it has not yet but the I'm hoping you will the the problem I think that with the 9th and the 10th neither one of them looked at 1326 be they never looked at how that how that statutory part comes into play they went with a lot of statutory reading on the very generalized does 586 combined with 1326 how those kind of fit together and what should happen but they never really went on to say well do you know whether it's pending in any other circuit the argued in the Second Circuit pending in any other circuit I said the second I'm sorry that's what I said it's been argued in the Second Circuit is it pending in any other circuit not that I know okay thank you I'm a surgeon the rest of time I will save my rebuttal that's fine thank you mr. Miller good morning Michael Miller on behalf of the appellee your honors I want to jump in to what judge Sykes was talking about in relation to the appellant and that is he's really stressing on these adequate protection payments being part of the plan and like you had stated is that under the plan or is that under the code you're right it's under the code where is that found it is under section pre-confirmation payments are required under the code pursuant to 361 362 d1 and 1325 a1 CA so those those pre-confirmation payments do not come to 161 362 D and 325 a1 C what kind of payments are all these generically for non-bankruptcy experts sorry they're they're pre-confirmation payments for adequate protection payments which usually come under secured creditors like car car payments and things like that so so they have to be made prior to the plan being confirmed is that something different than the carve-out in a 2 of 1326 I'm referring to the language if a plan is not confirmed the any such payments not previously paid and not yet doing a owing to creditors pursuant to sub sub paragraph 3 yes that would be different that that is different that's that carve-out is different yeah the carve-out there is the only thing that is not returned is 503 B claims which would be administrative claims such as attorney fees and there's no carve-out under that section well no that that's the final clause of sub 2 I'm talking about that middle clause of the second sentence of sub 2 the plan is not confirmed the trustee shall return any such payments and here's where I got tripped up not previously paid and not yet doing owing to creditors pursuant to paragraph 3 that's like plop down in the middle of a sentence in a non-grammatical way what does subparagraph 3 cover subparagraph 3 for non-bankruptcy experts it says subject to section 363 the court may upon notice in hearing modify increase or reduce the payments required under this subsection pending confirmation of a plan that that doesn't make a lot of sense because that just gives the modify the plans proposed payments subject to confirmation right yes otherwise there's a presumption that the amount of the payments to the trustee are those proposed in the plan or proposed plan right well paragraph 1326 a1a talks about the proposed payments and right there 1326 a2 says those same proposed payments are retained by the trustee until confirmation or denial of confirmation except when they're not right because they're paid out to creditors under this I guess the nomenclature is adequate protection yes payments to creditors when one of these statutes that you gave me is implicated right so retained is not categorical yeah with the adequate protection payments usually the way it works is the trustee is dispersing them prior to confirmation so they're not a part of the plan and they don't need to be returned because they're already dispersed prior to confirmation come again the the pre-confirmation payments that are made for the secured creditors for adequate protection I believe the trustee disperses those prior to confirmation to the secured creditors so right that's why we're talking about them because these are this is the universe of pre-confirmation payments to creditors that's what I'm trying to get a handle on here yes and you're telling me as your opposing counsel said that corresponds to these adequate protection payments to secured creditors which are covered by these statutes that you gave me and how are those treated for purposes of the trustees fee can the trustee take a fee from those payments no not under our reading because the plan is not confirmed yet the plan is until the plan is confirmed and under the plan the trustee cannot take any fee how does that correspond to sub B of 13 26 b2 sub B says before or at the time of each payment to creditors under the plan there shall be paid a fee to the trustee right that is actually the section that triggers when the trustee can get paid because that section that's what we're talking about the whole fight is about it's it's under the plan at that point and that's when they can get paid and the cross-reference is 586 at refer to the pre-confirmation payments no because because the pre-confirmation payments aren't under the plan and 1326 b2 is under the plan only so the only reference to pre-confirmation would be 1326 a1a which is when the payments are proposed and then it's referenced again in 1326 a2 that those proposed payments should be retained so those payments include the trustees fees so they have to be retained until confirmation which is under the plan except if they're paid for adequate protection to secure creditors though well the trustees fee wouldn't be included in those because those are not under the plan so our argument is that the trustees fee doesn't come off those pre-confirmation payments and they don't receive anything on it until confirmation okay so because those payments have already been sent out they couldn't take a fee it's statutory it's not pursuant to the plan yes your argument okay correct I'm sorry the other thing I want to talk about too is and judge Easterbrook had hit on this 586 e2 says under the plan and there's a lot of other arguments besides the fact that under the plan means confirmed plan one of the biggest arguments we bring is looking at sections 1226 and 1194 chapter 12 has a provision under 1226 that says if the trustee if the case is not confirmed there's explicit language in there that says the trustee can deduct their fee section 1194 which is a section under sub chapter 5 for chapter 11 which is small businesses also has that same explicit language that says if the case is not confirmed the trustee can keep its feet so if 586 really says what the trustee thinks it says that hey we can just keep our fee as soon as we get it that makes 1226 and 1194 surplus it you don't need those sections and I think that's why Congress put those explicit language in those sections of 1226 and I believe that's compelling here the other thing is I believe somebody at the trustee had said that the 9th Circuit Evans case and the 10th Circuit doll case they didn't really look at 1326 be that's not correct in terms of the 9th Circuit the recent McAllister case they actually explicitly looked at 1326 be and they did an in-depth analysis basically saying that when you do a 586 is just from the judicial code it's not the bankruptcy code it gives appointment of trustees and 13 12 and sub chapter 5 it gives them their percentage and then it appoints them however it doesn't tell us when they can get paid that's why you look to the bankruptcy code the bankruptcy code would be for chapter 12 1226 sub chapter 5 1194 and then of course our case 1326 and when we look at 1326 1326 a1a says the debtor makes payments proposed by the plan within 30 days then 1326 a2 says those proposed payments are retained by the trustee until confirmation and if the plan is not confirmed the trustee will return all payments except 503 be paid the trustee doesn't argue there are 503 be administrative claims so the trustee would not be getting their fee Congress could have easily added in the trustee is an exception as well like the 503 be but they didn't but lastly and this is what the Ninth Circuit said is 1326 b2 is the linchpin of confirmation it says under the plan which is our argument confirmed the trustee can then get paid and then it cross-references 586 and that's how we know 586 is clarified by the statute of 1326 that they should receive their fees if the court doesn't have any other questions and for those following reasons I would ask you to thank you thank you and you had a little bit of time left again I just want to reiterate that 1326 talks about the plan it talks about payments under the proposed plan the plan that the six or six night circuits are Evans case only works when they insert the word confirmed plan into this into this reading that's what counsels trying to was trying to argue nowhere in the code does it say the confirmed plan is a trigger pin of when the trustee gets paid again with the adequate protection payments we have to make those beforehand they have to come from somewhere they have been proposed by a plan we pay presumed that plan which triggers the payments to creditors under 1326 B and we take a fee it's specifically provided for that when we pay creditors so under either reading I believe the trustee should be able to thank you thank you our thanks to all counsel the case is taken under advisement well that's rather unorthodox all right that concludes our calendar for today and the court will be in recess